FELICE JOHN VITI, Acting United States Attorney (#7007)
CARL D. LESUEUR, Assistant United States Attorney (#16087)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682
Email: carl.lesueur@usdoj.gov

**SEALED**

FILED US District Court -UT
JUN 04 '25 PH12:13

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOSEPH MORI,<br><br>Defendant. | Case: 2:25-cr-00225<br>Assigned To : Barlow, David<br>Assign. Date : 6/3/2025<br><br>INDICTMENT<br><br>Count 1: 18 U.S.C. § 1956(h) [Money Laundering Conspiracy]<br>Count 2: 18 U.S.C. § 1957 [Transacting in Criminal Proceeds] |

The Grand Jury Charges:

1.     At all times relevant to this Indictment, the Defendant Joseph Mori was a resident of the state of New York who was under supervised release following a wire fraud conviction in the Southern District of New York. Specifically, on April 20, 2022, a judgment was entered sentencing him to 12 months' imprisonment followed by three years of supervised release.

2.     While on supervised release, in the District of Utah and elsewhere, MORI entered into a conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). This money laundering was in assistance of a scheme to defraud a Utah

municipality and a minor victim of a swimming accident.  The municipality and the minor victim had reached a settlement regarding an accident at a community pool.

3.     MORI agreed with others that he would receive and transfer funds on their behalf, knowing that his coconspirators had been "red-flagged" by legitimate banking institutions. MORI's coconspirators inserted themselves into communications between the parties' lawyers, and, while pretending to be representatives of the minor victim, instructed the settlement funds should be paid to MORI's business account.

4.     On October 26, 2023, MORI received the fraudulently diverted settlement funds ($779,600) from a Utah Bank account into a Thread Bank account for his New York entity, Global Office Group Inc. MORI then proceeded to use those funds for personal purposes, including gas, self-storage, and payment of restitution he owed in his prior criminal case.

5.     On October 30, 2023, MORI also used the fraud proceeds to transfer $50,000 from his Thread Bank account to his account at U.S. Bank. He then used the funds for personal expenses, such as his credit card bills.

**COUNT 1**
18 U.S.C. § 1956(h)
(Money Laundering Conspiracy)

6.     Paragraphs 1 through 5 are repeated and realleged as though fully set forth herein.

2

7.   From on or about a date that is unknown but believed to be no later than October 26, 2023, and continuing to an unknown date believed to be no earlier than December 31, 2023, in the District of Utah,

JOSEPH MORI

defendant herein, did knowingly agree with at least one or more other persons with identities unknown to the Grand Jury to engage in money laundering by:

(a) conducting or attempting to conduct a financial transaction knowing the property involved represents the proceeds of some form of unlawful activity (which in fact involves the proceeds of specified unlawful activity, specifically, wire fraud in violation of 18 U.S.C. § 1343), knowing the transaction is designed in whole or in part to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity, in violation of 18 U.S.C. 1956(a)(1)(B)(i); and

(b) knowingly engaging in a monetary transaction in criminally derived property of a value greater than $10,000, which is in fact derived from specified unlawful activity (Wire fraud in violation of 18 U.S.C. § 1343) in violation of 18 U.S.C. § 1957;

all in violation of 18 U.S.C. § 1956(h).

3

## COUNT 2
18 U.S.C. § 1957
(Monetary Transaction Involving $10,000 In Criminal Proceeds)

8.     Paragraphs 1 through 7 are repeated and realleged as though fully set forth herein.

9.     On or about October 30, 2023, in the District of Utah and elsewhere,

JOSEPH MORI

defendant herein, did knowingly engage and attempt to engage in a monetary transaction in criminally derived property of a value greater than $10,000, to wit, a transfer of $50,000 from a Thread Bank account for Global Office Group, Inc. to a U.S. Bank account for Global Office Group Inc. involving more than $10,000 of funds fraudulently obtained from the District of Utah, which funds were in fact derived from specified unlawful activity, specifically wire fraud in violation of 18 U.S.C. § 1343.

### NOTICE OF INTENT TO SEEK FORFEITURE

Pursuant to 18 U.S.C. § 982(a)(1), upon conviction of any offense in violation of 18 U.S.C. §§ 1956 and 1957, the defendant shall forfeit to the United States of America any property, real or personal, involved in the offense, and any property traceable to such property.

[continued on following page]

4

The United States may seek a forfeiture money judgment and may seek to forfeit substitute property to satisfy such a judgment.

A TRUE BILL:

/S/
_____
FOREPERSON OF GRAND JURY

FELICE JOHN VITI
Acting United States Attorney

_____
CARL D. LESUEUR
Assistant United States Attorney

5