**E K L J N**   ELLIOTT KWOK LEVINE JAROSLAW NEILS LLP

One Grand Central Place
60 East 42nd Street, Suite 1570
New York, NY 10165
tel: +1 (212) 321-0510

www.ekljnlaw.com

Ilene Jaroslaw
ijaroslaw@ekljnlaw.com
Direct: +1 (917) 763-9852

July 7, 2025

**Via ECF**

The Honorable Judith C. McCarthy
United States Magistrate Judge
Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4150

   Re: <u>United States v. Joseph Mori, 25 MJ 1978</u>

Dear Judge McCarthy:

  We write to respectfully request a modification of the bond conditions imposed at the initial appearance of my client Joseph Mori on June 11, 2025. (Doc. 3). Mr. Mori was arraigned in the Southern District of New York on charges returned by a grand jury in the District of Utah. We expect Mr. Mori to make his initial appearance in the District of Utah on the scheduled date of August 5, 2025.

  Specifically, we seek a modification of condition 7(b) of the bond, which requires Mr. Mori to "continue or actively seek employment" – and indeed Mr. Mori, an entrepreneur and engineer, wishes to remain employed. However, condition 7(b) further states that "[t]he defendant cannot remain employed at his current companies." This condition unjustly threatens the existence of Mr. Mori's companies.

  I was contacted last week by Pretrial Services Office Assistant Simon M. Krivoruk who told me that Mr. Mori should either abstain from all his company operations *or* seek a court order permitting his continued employment in those endeavors. Because Mr. Mori is self-employed and operates viable, legitimate businesses that each employ several other people, we request that the Court permit Mr. Mori to continue his work at these companies.

  Mr. Mori is the Chief Executive Officer of a company called 90 Sterling Road Inc., which was registered with the Secretary of State of New York on July 27, 2017. This company specializes in infrastructure work in Africa and has an office in the Ivory Coast. It currently has a $1 billion contract with the Ivory Coast government to work on infrastructure in towns and cities across the

ELLIOTT KWOK LEVINE JAROSLAW NEILS LLP

country. Mr. Mori owns approximately 30% of the company and manages payroll and expenses. Mr. Mori is also the chief engineer on the projects.

In addition, Mr. Mori runs Trusted Transportation Group, Inc., a trucking company registered with the Secretary of State of Montana on May 1, 2023. Trusted Transportation Group moves cars, trucks, and heavy equipment across the United States. It specializes in "enclosed car transportation," particularly between New York and Florida. Mr. Mori owns approximately 40% of the company and operates it from his home. Trusted Transportation has annual revenue of $3,000,000 and employs approximately five other people, including a dispatcher and drivers.

Mr. Mori is also a principal of Global Office Group, Inc.("Global"), a company registered with the New York Secretary of State on July 23, 2019. Global is an IT company that specializes in building data centers and block chain servers. It also sets up networks for clients and provides cyber security. Mr. Mori owns about 70% of this company and employs approximately five other people. Annual revenue is $4,000,000.

Global is named in the indictment but in fact Mr. Mori has never used the company for criminal purposes, as explained below. To destroy a thriving business when Mr. Mori is presumed innocent would cause irreparable harm to Mr. Mori and company employees who would lose their livelihoods.

The indictment alleges that a person or persons (who are unknown to Mr. Mori) caused a wire transfer of funds into a Global account in January 2024. Within days, the transmitting bank clawed back the funds from the Global account but recovered only about 90% of the original wire transfer. In the interim, some funds in the Global account were transferred to another account. A few weeks later, FBI special agents visited Mr. Mori and told him about the missing funds. Mr. Mori immediately offered to wire those funds and asked the FBI to give him the wire instructions. Mr. Mori even followed up with the agents by email on more than one occasion, but they never got back to him with the wire instructions. More than one year later, Mr. Mori found himself arrested and indicted in the District of Utah on money laundering charges.

The equities in this case favor allowing Mr. Mori to continue operating his businesses, including Global. He is gainfully employed in long-standing legitimate work and employs several people in his businesses. The indictment is based on a single wire transfer into one of the business accounts of one of Mr. Mori's companies. The inferences the government suggests—that Mr. Mori conspired with people in Utah to launder money through Global—are not reasonable. It would be

ELLIOTT KWOK LEVINE JAROSLAW NEILS LLP

July 7, 2025
Page 3

unfair to deprive Mr. Mori and his employees of their livelihood based on the allegations in the indictment.

I have contacted AUSA Carl Sueur who is handling the case in the District of Utah. He advised me that he objects to the request because he "do[es] not believe [Mr. Mori's] business is legitimate." Accordingly, AUSA Margaret Vasu, who is covering the case for AUSA Jorja Knauer in the Southern District of New Yor,k stated that she, too, objects.

For all reasons stated above, we respectfully request that the Court grant a modification to Mr. Mori's conditions of release on the bond and permit Mr. Mori to continue operating his businesses during the pendency of this case.

We appreciate the Court's consideration.

Respectfully submitted,

By:     Ilene Jaroslaw

cc: All counsel *via ECF*
    Pretrial Services Office Assistant Simon M. Krivoruk