IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　Plaintiff,<br><br>vs.<br><br>JOSEPH MORI,<br>　　　　　　Defendant. | CASE NO: **2:25-CR-225**<br><br>**DETENTION ORDER** |

　　　The defendant admits allegation numbers 2 and 4 of the petition regarding violation of conditions of pretrial release from September 25, 2025.  Based on this admission, the court finds by clear and convincing evidence that the defendant has violated the conditions of release.  The court held a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f) and § 3148.  The court concludes the defendant must be detained pending trial.

　　　Based on the evidence presented and information of record, the court finds the defendant is unlikely to abide by any condition or combination of conditions of release.

　　　Specifically, the court finds that the defendant

- ☐ has a criminal record which indicates a propensity to violate the law and court orders;
- ☐ has a criminal record which indicates a propensity to violate court orders;
- ☒ has violated the conditions of release previously imposed by the court;
- ☐ has a propensity to harm or threaten harm to others;
- ☐ is addicted or abuses mood-altering chemicals and is likely to continue such conduct and violate the law if released;
- ☒ was not truthful with pretrial services in failing to report transactions over $5,000;
- ☐ is not a United States citizen, is subject to an ICE detainer, and faces deportation;
- ☐ is not a United States citizen and could flee the country before trial;
- ☐ has substantial contacts with a foreign country and could flee the country before trial;
- ☐ has limited contacts with the community;
- ☐ lacks a stable residence;
- ☐ has limited employment contacts;
- ☐ has failed to appear for court proceedings in the past;
- ☐ is currently in state custody;
- ☐ committed the alleged crime while on supervision;

- ☐ committed the alleged crime while on bond;
- ☐ has mental health issues which will pose a risk of harm if the defendant is released;
- ☐ waived the right to a detention hearing;

and conditions which restrict Defendant's travel, personal contacts, and possession of drugs, alcohol, and/or firearms; require reporting, education, employment, or treatment; or monitor Defendant's movements or conduct; or any combination of these conditions or others currently proposed or available (see 18 U.S.C. § 3142(c)), will not sufficiently ameliorate the risks posed if the defendant is released.

**Mr. Mori was not to be employed with any of his current companies. (ECF 16-1 and 29) Probation, as well as the United States attorney discussed this prohibition with Mr. Mori and/or his attorney, including that meant no employment with Exseedingly, Global Office Group, and/or Trusted Transportation. The United States proffers that Mr. Mori is the only signatory on the bank accounts for these companies. The defense deputes a proffer is sufficient and they "believe" another person may have access to the accounts, but did not present any credibility evidence to rebut the proffer of the United States. As set forth in the United States exhibits 11, 12 and 13 (ECF 47) multiple transactions have occurred on the bank records for each of these three company accounts well over the $5,000 release condition set forth by this work (ECF 29), which were not reported to probation. The court only focused on the transactions in these bank statements <u>after</u> the date of this court's order (Aug 5, 2025) at ECF 29, and did not focus on Judge McCarthy's release order out of the New York which has the same prohibition (ECF 16-1). If the court had focused on transactions prior to Aug 5, 2025, the United States proffers there is an even bigger history of Mr. Mori violating the court's order to not enter into any transactions without pretrial approval over $5,000. The United States also proffers communications with Mr. Mori and investors suggests involvement with these companies, which communications occurred after Aug. 5, 2025. Finally, in admitting allegation 2 and 4, Mr. Mori admits to using over $200,000 for the purchase of cars which were not disclosed/reported to probation as required in this court's order setting conditions (ECF 29). Mr. Mori's counsel offers 5 conditions to help address compliance with conditions, two of which concern a current prohibition which is no involvement with the three above companies. The other is a curfew, and given that bank/business transactions can take place remotely, does not appear to be relevant or helpful. Defense counsel also proffers Mr. Mori could use a single device (such as a single phone or computer), but again, bank/business transactions can take place over a single device. Finally, defense counsel suggests psychiatric help saying it could help the "defense" but, again it is unclear how that would help Mr. Mori comply with the court's conditions. He has demonstrated an unwillingness to comply with this court's conditions (ECF 29) and is ordered detained.**

**Directions Regarding Detention**

  The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. The defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of the United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to the United States marshal for a court appearance.

Dated October 16, 2025

            BY THE COURT:

            _____
            Magistrate Judge Cecilia M. Romero