UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH MORI, DEMARKO BOWLDS a/k/a MARK BOWLDS a/k/a MARK CALIBRONE,<br><br>Defendants. | **TRIAL ORDER**<br><br>Case No. 2:25-cr-00225<br><br>District Judge David Barlow |

The final pretrial conference in this matter is scheduled for **Friday, January 15, 2027 at 10:00 a.m. in Room 8.100, 351 South West Temple, Salt Lake City, Utah.** Counsel who will try the case must attend.

At the Final Pretrial Conference, each party should be prepared to do the following: (1) identify and discuss the issues in the case; (2) raise any anticipated non-foundation evidentiary objections; and (3) specify how much time they will need for presentation of the evidence. The parties should be prepared to discuss the allocation of time available for the presentation of evidence between the parties assuming 5 hours each day. The court may use a chess clock to keep track of the time used by each side.

This case is set for a 12-day jury trial to begin on **Friday, January 22, 2027 at 9:30 a.m. in Room 8.100, 351 South West Temple, Salt Lake City, Utah.** The attorneys are expected to **appear in court at 9:00 a.m.** on the first day of trial to resolve any outstanding pretrial matters. Jury selection will begin at approximately 10:00 a.m. and the selected jury will be dismissed for the day as soon as they are sworn in. Unless counsel is advised otherwise, trial will be conducted from 9:30 a.m. until 3:30 p.m., with two (2) short (fifteen minute) breaks and a 30-minute lunch break.

Counsel are instructed as follows:

## 1. Court-Imposed Deadlines

The deadlines described in this order cannot be modified or waived in any way by a stipulation of the parties. Any party that believes an extension of time is necessary **must** make a timely motion to the court.

| REQUIRED ACTIONS AND ASSOCIATED DEADLINES | |
| --- | --- |
| <ul><li>Service of designation of witness testimony by recorded means, whether video, audio, or paper.</li><li>Government is to provide defense counsel with witness and exhibit lists and copies of each exhibit to be used at trial.</li><li>Government's notice to the defendant of intent to impeach the defendant by evidence of a criminal conviction.</li></ul> | **November 20, 2026** |
| <ul><li>Defense counsel is to provide the government with witness and exhibit lists and copies of each exhibit to be used at trial.</li><li>Service of any objections to designated witness testimony.</li></ul> | **December 4, 2026** |
| <ul><li>Parties exchange proposed jury instructions, verdict, and voir dire questions, then meet and confer.</li><li>Parties file motions in limine.</li><li>Parties file complete witness testimony designation form and any motion relating to the issues therein.</li></ul> | **December 11, 2026** |
| <ul><li>Parties file proposed joint instructions, verdict and voir dire. Copies of these items in Word format are to be emailed to UTDecf_Barlow@utd.uscourts.gov.</li><li>Parties file responses to motions in limine.</li></ul> | **December 16, 2026** |
| <ul><li>Parties file objections to jury instructions, verdict, and voir dire questions.</li><li>Parties file reply memoranda to motions in limine.</li><li>The United States files its trial brief.</li><li>Defense counsel files its trial brief, if any.</li><li>Parties file any responses in support of instructions, verdict, and voir dire questions.</li></ul> | **December 18, 2026** |
| <ul><li>Parties file witness and exhibit lists on the docket. Copies of these items in Word format are to be emailed to UTDecf_Barlow@utd.uscourts.gov</li></ul> | **January 12, 2027** |
| <ul><li>Parties attend final pretrial conference, having prepared to discuss the issues in the case, including raising any anticipated non-foundation evidentiary objections.</li><li>Settle preliminary jury instructions.</li></ul> | **January 15, 2027 at 10:00 a.m.** |

| | |
|---|---|
| • Final matters, jury selection.<br>• Counsel must provide all hard and electronic copies of exhibits to Courtroom Deputy. | **January 22, 2027** |

## 2. Jury Instructions and Proposed Voir Dire

The court has adopted its own standard preliminary and general jury instructions and standard voir dire questions, copies of which are posted on the court's website. Parties should start with these instructions.

The procedure for submitting proposed jury instructions and additional voir dire questions is as follows:

(a)     The parties must serve their proposed jury instructions, verdict form and voir dire questions on each other by the stated deadline. These shall not be filed with the court. The court encourages the parties to meet and confer in order to agree on a single set of instructions to the extent possible. The court prefers a meeting that is substantive in character and represents the parties' best collaborative effort.

(b)     If, after the meeting, the parties cannot agree upon one complete set of preliminary and general instructions, verdict form and voir dire questions, they must file separately those instructions, verdict form and voir dire questions that are not agreed upon. However, the court generally intends to use its own preliminary and general jury instructions and standard voir dire questions, and a party who seeks additional or different questions must provide the court with reasoning and citation to the authority that supports the requested addition or change.

(c)     A copy of the proposed instructions, verdict form and voir dire questions also must be emailed to UTDecf_Barlow@utd.uscourts.gov as a Word document by the stated deadline. Include the case number and case name in the email subject line. Any party unable to comply with this requirement must contact the court to make alternative arrangements.

(d)     A copy of the proposed instructions, verdict form, and voir dire questions must be emailed to UTDecf_Barlow@utd.uscourts.gov as a Word document by the stated deadline. Include the case number and case name in the email subject line. Any party unable to comply with this requirement must contact the court to make alternative arrangements.

(e)     Each party must file its objections, if any, to jury instructions, the verdict form, and voir dire questions proposed by any other party by the stated deadline. Any objections must recite the proposal in its entirety and specifically highlight the objectionable language contained therein. Objections to instructions must contain both a concise argument why the proposed language is improper and citation to relevant legal authority. Where applicable, the objecting party **must**

submit an alternative instruction covering the pertinent subject matter or principle of law. A copy of the proposed alternative instruction must be emailed to UTDecf_Barlow@utd.uscourts.gov as a Word document. Include the case number and case name in the email subject line. Any party may, if it chooses, submit a brief written response in support of its proposed instructions by the stated deadline.

(f)      All instructions must be short, concise, understandable, and *neutral* statements of law. Argumentative instructions and voir dire questions are improper and will not be given.

(g)      Modified versions of statutory or other form jury instructions (*e.g.*, Federal Jury Practice and Instructions) may be acceptable. A modified jury instruction must, however, identify the exact nature of the modification made to the form instruction and cite the court to authority, if any, supporting such a modification.

(h)      Even if the parties stipulate to the inclusion of an instruction or a proposed voir dire question, the court will determine whether to use the instruction or question.

## 3.  Motions in Limine

All motions in limine are to be filed with the court by the stated deadline unless otherwise ordered by the court. A separate motion must be filed for each preliminary ruling sought. Each motion must specifically identify the relief sought and must contain the memorandum of law in the same document. (*See* DUCrimR 12-1(b)(1)).

In addition to the notice requirement under FRE 404(b), the government is required to file a motion identifying any Rule 404(b) evidence before it is offered or mentioned during trial. The motion must be filed pretrial, unless good cause is shown.

A proposed order should be emailed to UTDecf_Barlow@utd.uscourts.gov as a Word document. Opposition memoranda must be filed by the stated deadline. No memorandum in support of, or in opposition to, a motion may be longer than three (3) pages in length, unless leave to file a longer brief for good cause shown is sought and obtained.

## 4.  Courtroom Equipment and Recorded Testimony

If counsel wish to use any courtroom equipment, such as easels, projection screens, etc., they must so state at the final pretrial conference. Trial counsel and support staff are expected to familiarize themselves with any equipment they intend to use in advance of trial. For practice time and training, contact Tracy Schofield at 801-524-6781.

## 5. Daily Transcript Requests

If counsel desire Realtime or daily transcription of the trial, they must contact and make such request with the court reporters at least two weeks before the trial.

## 6. Trial Briefs

Any Trial Brief must be filed by the stated deadline.

## 7. Exhibit Lists/Marking Exhibits

(a)     In cases in which the United States Attorney has proceeded under an "open file" policy, counsel for all parties must exchange with all parties copies of each exhibit to be used at trial by the stated deadline. Counsel should use reasonable effort to avoid duplication of any exhibit pre-marked by the opposing party. Exhibits to be exchanged shall include all evidence to be offered except the following: oral testimony to be offered at trial, documents to be used solely for impeachment, demonstrative exhibits created in connection with oral testimony at trial, and objects or other physical evidence. Photos of objects and other physical evidence, however, must be exchanged. Copies must be exchanged in electronic media but may also include a hard copy. Counsel will be required to report to the court at the Final Pretrial Conference whether this requirement has been completed.

(b)     An exhibit list in Word format is required for the court's use at trial. Standard forms of exhibit lists are available from the court's website,[1] and questions regarding the preparation of these lists may be directed to Tracy Schofield, at 801-524-6781.

(c)     All parties are required to pre-mark their exhibits to avoid taking up court time during trial for such purposes.

(d)     All exhibits to be used at trial must, at the time they are exchanged with opposing counsel, be marked for identification numerically. The United States should start numbering its exhibits at 1.  Defendants should start their numbering at 1000.  The exhibit identification should include a designation of the party offering the exhibit, such as "Plaintiff's Exhibit ___" or "Defendant's Exhibit ___."

(e)     Pages of documentary exhibits must retain bates stamps used when the documents were produced in discovery.

(f)     Original exhibits must be stapled.

(g)     Exhibit lists, marked exhibits, and courtesy copies must be submitted to the court by the stated deadline. The exhibit list must be emailed as a Word document to UTDecf_Barlow@utd.uscourts.gov.

---

[1] https://www.utd.uscourts.gov/forms/all-forms

(h)      Courtesy copies of exhibits on a flash drive or CD/DVD in PDF format are preferred. Optical Character Recognition (OCR) must be run on the PDF files to enable text searching of the exhibits. If a party marks more than ten (10) exhibits, courtesy copies of exhibits **must** be provided in PDF format on a flash drive or CD/DVD.

(i)      If a flash drive or CD/DVD with courtesy copies of exhibits in PDF format is not provided (because the party is marking less than ten exhibits and has elected not to provide courtesy copies of exhibits on a flash drive or CD/DVD in PDF format) three (3) paper courtesy copies of exhibits in a tabbed binder must be delivered to the court.

(j)      At the conclusion of each day of trial, counsel for each party shall meet with the Courtroom Deputy to confirm on the record that all exhibits admitted that day have been entered onto the court's official witness and exhibit list and are located in the jury binder. Immediately prior to jury deliberations, counsel shall review the compiled jury binder and certify on the record that the exhibits contained in the jury binder are correct and complete copies of the exhibits received in evidence. Failure to do so shall constitute a waiver.

(k)      Exhibits requiring special software or in native formats (i.e. .xls, .doc, etc.) are not playable on jury deliberation room computers. If you have questions about the format of your exhibits, contact the courtroom deputy, Tracy Schofield, at (801) 524-6781.

## 8. Witness Lists

Each party must exchange with all opposing parties a list of witnesses the party will call or may call at trial. The parties must exchange witness lists by the stated deadline. Each party is required to submit a separate witness list for the court's use at trial. Standard forms of witness lists are available from the court's website,[2] and questions regarding the preparation of these lists may be directed to the Courtroom Deputy, Tracy Schofield, at 801-524-6781. Witness lists must be emailed to UTDecf_Barlow@utd.uscourts.gov by the stated deadline.

Each afternoon of trial, by no later than 6:00 p.m., counsel anticipating examination of witnesses the next day shall provide the names of witnesses anticipated to be examined to all counsel and to UTDecf_Barlow@utd.uscourts.gov, and by no later than 8:00 p.m. shall by the same means provide the list of exhibits anticipated to be used with each witness.

Witnesses who are *not* disclosed on the witness list will not be permitted to testify, absent a showing of exceptional circumstances.

Witnesses are expected to be physically present. Any party seeking leave to have a witness testify remotely must file a separate motion and demonstrate unavailability of the witness or other good cause.

---

[2] https://www.utd.uscourts.gov/forms/all-forms

### 9. Impeachment By Conviction

If the prosecution intends to impeach the defendant by evidence of a criminal conviction under Fed. R. Evid. 609, the prosecution must provide notice to the defendant by the stated deadline.

### 10. Courtroom Conduct

In addition to the rules outlined DUCrimR 53-1, which incorporates the provisions of DUCivR 43-1, the court has established the following ground rules for the conduct of counsel at trial:

(a)     Please be on time for each court session. Trial engagements take precedence over any other business. If you have matters in other courtrooms, arrange in advance to have them continued or have a colleague handle them for you. Any motions or matters that need to be addressed outside the jury will be heard at 8:30 a.m. or after the trial day has recessed. Usually, the court has other hearings set after 3:00 p.m.

(b)     Stand as court is opened, recessed or adjourned.

(c)     Stand when the jury enters or retires from the courtroom.

(d)     Stand when addressing, or being addressed by, the court.

(e)     Use or display of evidence is not permitted during opening arguments.

(f)     In making objections and responding to objections to evidence, counsel must state the legal grounds for their objections, preferably with reference to the specific rule of evidence upon which they rely. For example, "Objection . . . irrelevant and inadmissible under Rule 402" or "Objection . . . hearsay and inadmissible under Rule 802." Speaking objections are not permitted.

(g)     Sidebar conferences are discouraged. Most matters requiring argument must be raised during recess. Please plan accordingly.

(h)     Only in the first instance should counsel ask permission to approach a witness in order to hand the witness a document or exhibit. Permission is not required for any subsequent approach of that witness.

(i)     Address all remarks to the court, not to opposing counsel, and do not make disparaging or acrimonious remarks toward opposing counsel or witnesses. Counsel must instruct all persons at counsel table that gestures, facial expressions, audible comments, or any other manifestations of approval or disapproval during the testimony of witnesses, or at any other time, are absolutely prohibited.

(j)       Refer to all persons, including witnesses, other counsel, and parties, by their standard salutation (Mr., Ms., Mrs., Dr., Officer, Detective, etc.) and their surnames, NOT by their first or given names.

(k)       Only one attorney for each party shall examine, or cross-examine, each witness. The attorney stating objections during direct examination shall be the attorney recognized for cross examination.

(l)       Counsel should not refer to other witnesses' testimony in their questioning. For example, counsel should not ask "Witness A testified . . .  would you agree?"

(m)       Offers of, or requests for, a stipulation must be made outside the hearing of the jury.

(n)       When not taking testimony, counsel will remain seated at counsel table throughout the trial unless it is necessary to move to see a witness. Absent an emergency, do not leave the courtroom while court is in session. If you must leave the courtroom, you do not need to ask the court's permission. Do not confer with or visit with anyone in the spectator section while court is in session. Messages may be delivered to counsel table provided they are delivered with no distraction or disruption in the proceedings.

(o)       Counsel are reminded that vouching is improper.  In opening statements and in arguments to the jury, counsel shall not express personal knowledge or opinion concerning any matter in issue.  The following examples would be improper: "I believe the witness was telling the truth" or "I found the testimony credible."

(p)       Counsel is not permitted to stray more than an arm's length from the podium and should keep in mind that the acoustics of the courtroom are not well suited to engaging the jury or ensuring an accurately transcribed record unless counsel speaks into the microphone. During opening statements and closing arguments, counsel may angle the podium toward the jury box.

(q)       The same attorney must do initial and rebuttal closing arguments, and rebuttal closing argument may not take more time than the initial closing argument.

(r)       Closing argument will follow the court's final instructions to the jury. Counsel are cautioned that any closing rebuttal argument must be limited to addressing new issues raised during the defendant's closing argument. The plaintiff's closing

argument must be structured to allow the defendant a fair opportunity to address the argument in its closing.

(s)      Please review the guidelines for Creating the Best Transcript Possible[3] with your entire trial team and witnesses before trial.

SIGNED this 22nd day of April, 2026.

BY THE COURT:

David Barlow
United States District Judge

---

[3] https://www.utd.uscourts.gov/sites/utd/files/Creating_the_Best_Transcript_Possible.pdf.